UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALEX RANKINS, JR.,

    Plaintiff,

    v.

CITY OF SPRINGFIELD, HAMPDEN
COUNTY DISTRICT ATTORNEY'S
OFFICE, and SPRINGFIELD
MASSACHUSETTS POLICE
DEPARTMENT,

    Defendants.

Civil Action No. 25-30095-MGM

MEMORANDUM AND ORDER

January 21, 2026

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

Alex Rankins, Jr. ("Plaintiff"), a resident of Springfield, Massachusetts, filed his self-prepared complaint seeking monetary damages from the City of Springfield, the Hampden County District Attorney's Office, and the Springfield Massachusetts Police Department for the alleged violation of Rankin's constitutional rights.

Plaintiff filed his complaint using the preprinted Pro Se 1 form (complaint for a civil case) provided by the Administrative Office of the United States Courts (Dkt. No. 2 at 1–5) and is accompanied by a one-page statement of claim (Dkt. No. 2-1 at 1) and several exhibits (Dkt. No. 2-1 at 2–12). The case caption of the complaint identifies the three defendants as the City of Springfield, the Hampden County District Attorney's Office, and the Springfield Massachusetts Police Department. (*Id.* (case caption).) On the complaint form, Plaintiff checks the box indicating that the

basis for federal court jurisdiction is federal question. (*Id.* at ¶ II (basis for jurisdiction).) He lists the following laws at issue in this case: "42 U.S.C. 1983"; and "4th, 5th, and 14th Amendment Violations." (*Id.* at ¶ II(A).) The statement of claim is found on the form complaint, (*id.* at ¶ III), as well as on an attachment to the complaint. (Dkt. No. 2-1 at 1.)

For the reasons set forth below, the court allows the Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 3). If Plaintiff wishes to proceed with this action, the court grants him time to file an amended complaint that sets forth a plausible claim upon which relief may be granted.

## II.   THE MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of Plaintiff's financial disclosures in his Application to Proceed in District Court Without Prepaying Fees or Costs, the court concludes that he has adequately demonstrated that he is without income or assets to pay the filing fee. Accordingly, Plaintiff will be permitted to proceed *in forma pauperis*.

## III.   PRELIMINARY REVIEW

Because Plaintiff is proceeding without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

When a plaintiff proceeds without legal representation, the court must construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*,

2

389 F.3d 5, 13 (1st Cir. 2004). Even so, the complaint fails to state a claim upon which relief can be granted.

## IV. DISCUSSION

As written, the complaint makes no claims that would allow Plaintiff to assert a civil rights claim against any of the defendants. Plaintiff seeks to assert his claims pursuant to 42 U.S.C. § 1983.[1] Speaking broadly, § 1983 provides a remedy for the violation of federal rights by a person acting under the color of state law.

As to the Springfield Police Department, the police department is not suable entity under Section 1983. For purposes of a Section 1983 action, a police department is "considered a non-person" and, therefore, "is not a suable entity." *Curran v. City of Boston*, 777 F.Supp. 116, 120 (D. Mass. 1991). The Springfield Police Department is separate from any individual police officers who may have been involved in the events referenced in the complaint.

Similarly, the Hampden County District Attorney's Office is not subject to suit under Section 1983. In addition, "prosecutors are absolutely immune in exercising the core prosecutorial functions of 'initiating prosecution and . . . presenting the State's case.'" *Penate v. Kaczmarek*, 928 F.3d 128, 135 (1st Cir. 2019) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Here, Plaintiff challenges decisions made by prosecutors in the Hampden County District Attorney's Office to initiate or continue certain cases, which fall under the prosecutors' absolute immunity.

In addition, a claim for monetary damages against the Commonwealth of Massachusetts or a state official in their official capacity is not available under § 1983 and is barred by the Eleventh Amendment. *See Haywood v. Drown*, 556 U.S. 729, 734 n.4 (2009) ("[A] plaintiff seeking damages

---

[1] "42 U.S.C. § 1983 . . . furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." *Alfano v. Lynch*, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997)).

against the State . . . cannot use § 1983 as a vehicle for redress because a State is not a 'person' under § 1983."); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but, rather, is a suit against the official's office" and, therefore, "is no different from a suit against the State itself.").

The City of Springfield may only be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Id.* at 694. To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id.*

To the extent Plaintiff challenges various state court proceedings, the *Rooker-Feldman* doctrine and *Younger* abstention doctrine bar such claims. Under the *Rooker-Feldman* doctrine,[2] a federal district court lacks jurisdiction over a final judgment of a state court. *See Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008). In other words, if a final order has been entered in a state court proceeding, this court lacks subject matter jurisdiction over, and thus cannot review, such claims under the *Rooker-Feldman* doctrine.

With regard to ongoing state court proceedings, although "the pendency of a state-court action generally does not preclude a federal court from addressing the same subject matter," "the Supreme Court has developed a small cluster of doctrines that either require or allow federal courts to defer to state proceedings in particular circumstances." *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192 (1st Cir. 2015). The *Younger* abstention doctrine arises from *Younger v. Harris*, 401 U.S. 37 (1971), and bars the exercise of federal jurisdiction if it "would interfere (1) with an ongoing state

---

[2] The *Rooker-Feldman* doctrine gets its name from two Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." *Rossi v. Gemma*, 489 F.3d 26, 34–35 (1st Cir. 2007). In *Younger*, the Supreme Court held that "principles of equity and comity demand that a federal court abstain from entertaining a suit that seeks to enjoin a state criminal prosecution as violative of federal law so long as the state proceeding affords an adequate opportunity to raise the federal defense and abstention will not cause irreparable harm." *Sirva Relocation*, 794 F.3d at 191-92.

Accordingly, Plaintiff's challenges to various state court proceedings are barred, either because the court lacks jurisdiction over final judgments in state court or because the court must abstain under *Younger* from interfering in the ongoing proceedings.

Because the complaint fails to state a basis for this court's jurisdiction and also fails to allege facts that state a plausible claim upon which relief may be granted, Plaintiff will be permitted to amend his complaint.

## V. PLAINTIFF MAY FILE AN AMENDED COMPLAINT

The complaint is subject to dismissal for the reasons set forth above. To the extent Plaintiff wishes to proceed, an amended complaint must be filed. The case caption of any amended complaint should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). In the "Statement of Claim" section of any amended complaint, Plaintiff should provide "a short and plain statement of the grounds for the court's jurisdiction . . . ; a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The filing of an amended complaint completely replaces the original complaint. *Connectu*

*LLC*, 522 F.3d at 91. If Plaintiff fails to file an amended complaint in accordance with the instructions set forth herein, this action will be dismissed.

## VI. CONCLUSION

For the reasons set forth above,

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2) is ALLOWED.

2. If Plaintiff wishes to proceed with this action, he must, on or before February 18, 2026, file an amended complaint that cures the deficiencies identified above. If he fails to do so by the February 18, 2026 deadline, this action will be dismissed.

It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge